**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATES RESOURCES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-647-M |
| ) | |
| LINDEL R. McCOLLUM a/k/a ) | |
| LINDEL RAY McCOLLUM, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's "Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Rule 12(b)(6)" [docket no. 34], filed March 27, 2006. On April 21, 2006, Defendant filed his response, and on May 18, 2006, Plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION[1]

In July of 1998, Eric Buckman ("Buckman") and Charles Johns ("Johns"), representatives of Plaintiff's predecessor, Mercantile Bank, came to inspect Defendant's property. At that time, they represented to Defendant that Mercantile Bank would provide all financing necessary for Defendant "to run cattle on all of his property." Amended Counterclaim at ¶ 3. Based upon these representations Defendant moved his real estate and equipment loans to Mercantile Bank. Mercantile Bank failed to loan Defendant money to run cattle, claiming that it was too late in the season and the loan had not yet been approved. Buckman told Defendant that he needed Defendant's pasture to run his own cattle. In the summer of 1999, Buckman again told Defendant that Mercantile Bank would loan him money to run cattle. Again, Mercantile Bank failed to loan

---

[1]This introduction is based on facts recited by Defendant in his Amended Counterclaim.

the money, and, again, Buckman told Defendant that he needed Defendant's property to run his own cattle.

On June 7, 2005, Plaintiff filed this action against Defendant alleging he defaulted on the promissory notes he executed with Mercantile Bank in 1998.[2] Defendant filed an Amended Counterclaim asserting claims of fraud, breach of an oral agreement, and breach of the implied covenant of good faith and fair dealing in connection with the execution of said promissory notes.[3] Defendant asserts that Buckman and John's representations were false when made, were made with the intent that Defendant rely on them and transfer his loans to Mercantile Bank, that Defendant did in fact rely on them by transferring his loans to Mercantile Bank, and that he suffered damages in excess of $1,000,000 dollars as a result. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Defendant's counterclaim on grounds that it is time barred.

## II.  STANDARD FOR DISMISSAL

A motion to dismiss for failure to state a claim should be granted "only [when] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of Defendant's Amended Counterclaim is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in Defendant's Amended Counterclaim and view them in a light most favorable to Defendant. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990);

---

[2]The original promissory notes have been extended by amendment several times. The final amendment extended the maturity date to August 16, 2004.

[3]The Court dismissed Defendant's original counterclaim on February 23, 2006, but allowed Defendant to file an amended counterclaim.

*Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must construe the pleadings liberally and make all reasonable inferences in favor of Defendant. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true Defendant's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.   DISCUSSION

The parties agree that Oklahoma law governs the statute of limitations issue. Defendant asserts that Plaintiff waived its statute of limitations defense by filing its Complaint. In support of this assertion, Defendant cites Okla. Stat. tit. 12, § 2013(C), which provides, in pertinent part:

> Where a counter claim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed, and the counterclaim shall not be precluded from recovering an affirmative judgment.

Okla. Stat. tit. 12 § 2013(C). Defendant, however, fails to cite the remainder of § 2013(C), which provides that "[w]here a counterclaim was barred by a statute of limitation *before* the claim of the opposing party *arose*, the barred counterclaim cannot be used for any purpose." Okla. Stat. tit. 12, § 2013(C) (emphasis added). Plaintiff's claim arose when Defendant allegedly defaulted on the loan, or on August 16, 2004. Therefore, if the statutes of limitations applicable to Defendant's counterclaim expired prior to August 16, 2004, Defendant's counterclaim is time barred.

Defendant asserts claims of fraud, breach of oral agreement, and breach of the implied covenant of good faith and fair dealing. Under Oklahoma law the statute of limitations for breach of an oral agreement is three (3) years. Okla. Stat. tit. 12, § 95(2). The breach of the implied covenant of good faith and fair dealing is essentially a breach of the oral agreement. As such, the statute of limitations on the breach of implied covenant of good faith and fair dealing is also three

(3) years.  The statute of limitations for fraud is two (2) years.  Okla. Stat. tit. 12, § 95(3); *Matter of Woodward*, 549 P.2d 1207, 1208 (Okla. 1976).

A statute of limitations begins to run from the time the cause of action accrues.  *McCain v. Combined Commc'ns Corp.*, 975 P.2d 865, 867 (Okla. 1998).  A cause of action in contract accrues when a party could have maintained his action to a successful conclusion.  *Sherwood Forest No. 2 Corp. v. City of Norman*, 632 P.2d 368, 370 (Okla. 1980).  A cause of action in fraud accrues when the fraud is discovered.  Okla. Stat. tit. 12, § 95(3); *Matter of Woodward*, 549 P.2d at 1208.  Fraud is deemed to have been discovered when, in the exercise of reasonable diligence, it could have or should have been discovered.  *Matter of Woodward*, 549 P.2d 1207 at 1209.[4]

> In other words, under the discovery rule, the two-year statute of limitations is tolled until such time as a reasonable person under the circumstances of the case would have discovered the injury and resulting cause of action.  Consequently, the rule does not apply to a plaintiff who was aware of a wrong done to them.  Properly limited, a discovery rule should encompass the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations . . . . *This rule obtains because a reasonably prudent person is required to pursue his claim with diligence*.
>
> \* \* \*
>
> For the purposes of the statute of limitations, if the means of knowledge exist and the circumstances are such as to put a reasonable [person] upon inquiry, it will be held that there was knowledge of what could have been readily ascertained by such

---

[4] In his Amended Counterclaim, Defendant does not state when he discovered the fraud, and in his response to the instant motion, Defendant asserts that the question of when fraud is discovered or should have been discovered is one of fact that cannot be resolved in a motion to dismiss.  However, where, as here, the dates given in the Amended Counterclaim make clear that the right sued upon has been extinguished, Defendant has the burden of establishing the factual basis for the tolling of the statute.  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  "Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."  *Id*.

> inquiry and the limitation on the general rule often expressed in the statute is that plaintiff cannot successfully . . . [set up a bar to the running of the statute] if his failure to discover is attributable to his own negligence.

*Weathers v. Fulgenzi*, 884 P.2d 538, 540-41 (Okla. 1994) (internal quotations and citations omitted).

Further,

> Where means of discovering fraud are in hands of party defrauded and defrauding party has not covered up his fraud to extent it would be difficult or impossible to discover, party defrauded will be deemed to have had notice of fraud from date means of discovering such fraud came into his hands and fraud will be deemed to have been discovered upon that date.

*Matter of Woodward*, 549 P.2d at 1209.

Thus, there are two questions before the Court. First, when could Defendant have successfully maintained his claims sounding in contract. Second, when, in the exercise of reasonable diligence, could Defendant have discovered Mercantile Bank's alleged fraud. The analysis of and answer to both questions are the same.

In the summer of 1998, Defendant was told by Mercantile Bank that it would finance his cattle operation. He subsequently transferred his equipment and real estate loans to Mercantile Bank and executed the promissory notes at issue. Mercantile Bank failed to make the cattle loans and Buckman, Mercantile's representative, said he needed Plaintiff's property to run his own cattle. Having reviewed the parties' submissions, the Court finds that a reasonable person would have known within six months, or by the end of 1998, that the promised loan would not be made. The Court further finds that this is especially true here since Defendant was not new to the lending process as he had previously had the loans in question through another lending institution.

Defendant asserts that this exercise was repeated in 1999. Mercantile Bank told Defendant in the summer that it would finance his cattle operation, failed to make the cattle loans, and, again,

Buckman said he needed Defendant's property for his own cattle operation. Having reviewed the parties' submissions, the Court finds that a reasonable person would have known within six months, or by the end of 1999, that the second promised loan would not be made.

Accordingly, the Court finds that Defendant's counterclaim accrued, at the latest, by the end of 1999. As such, the statute of limitations on Defendant's fraud claim expired two (2) years later at the end of 2001, and Defendant's remaining claims expired after one additional year at the end of 2002. Since Plaintiff's claims did not accrue until August of 2004, the Court finds that the statute of limitations on Defendant's claims expired before Plaintiff's claims accrued, and that, as such, pursuant to Okla. Stat. tit. 12, § 2013, Defendant's counterclaim may not be used for any purpose, and that Plaintiff's motion to dismiss Defendant's Amended Counterclaim should be granted.

IV.   CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS Plaintiff's "Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Rule 12(b)(6)" [docket no. 34] and DISMISSES Defendant's Amended Counterclaim.

**IT IS SO ORDERED this 11th day of October, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE