**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATES RESOURCES CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  CIV-05-647-M |
| | ) |
| LINDER R. MCCOLUM, a/k/a LINDELL RAY MCCOLUM | ) ) |
| | ) |
| Defendant. | ) |

### **ORDER**

Before the Court is plaintiff State Resources Corp.'s Motion for an Award of Attorney's Fees [docket no. 75], filed June 21, 2007.  A review of the file reveals that no response has been filed.  This matter is ripe for adjudication.

I.    Background

On June 5, 2005, plaintiff filed this diversity action against defendant for enforcement of two promissory notes, a term loan agreement, replevin of collateral securing the notes and foreclosure of security interests in collateral.  On June 7, 2007, the parties entered into an Agreed Journal Entry of Judgment in favor of plaintiff and against defendant whereby plaintiff was awarded damages. Plaintiff moves the Court for attorney's fees in the amount of $106,564.00.[1]

---

[1] In support of the instant motion, plaintiff submitted an affidavit with meticulous time records, which reveal the time expended by Attorney Bruce F. Klein and Legal Assistant Valary Gwinn and the details of work performed.  According to the affidavit and time records, plaintiff's counsel provided 916.55 hours of service at $150 per hour while the legal assistant provided 19.75 hours of service at $80 per hour.  The total number of hours of plaintiff's counsel and legal assistant would have yielded attorney's fee in the sum of $139,062.50; however, the amount billed was reduced by 24% to the sum of $106,444.00 due to counsel's longstanding relationship with plaintiff.  The reduced amount of attorney's fees equates to 718.75 hours over

1

II.     Discussion

   A.        Choice of Law

In applying choice of law rules, the district court sitting in diversity engages in a two-step inquiry:

> First, the court must determine whether a particular matter is procedural or substantive for *Erie Railroad Co. v. Tompkins* purposes... If the matter is procedural, then federal law applies; if the matter is substantive, then the court follows the law of the forum state....Second, if the court has determined that the matter is substantive, then it looks to the substantive law of the forum state, including its choice of law principles, to determine the applicable substantive law.

*Boyd Rosene & Assoc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). The right to recover attorney's fees is substantive and, therefore, determined by state law in diversity cases. *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir. 1994). Although the matter of attorney's fees is substantive for Erie purposes, it is not necessarily substantive under Oklahoma's choice of law rules. *Boyd Rosene & Assoc.*, 174 F.3d at 1118.

"Consistent with the primacy of party expectations in determining contractual obligations, party choice of law is a significant consideration in determining whether an attorney's fees statute is substantive or procedural for state choice-of-law purposes." *Id.* at 1121. A key factor in classifying an issue for choice of law purposes is whether the parties shaped their actions with reference to local law of a certain state. *Id.* The parties' expectations are a "weighty reason for applying [the law relied upon]". *Id.* at n.7. District courts usually honor the parties' choice of law because two primary objectives of contract law are to protect the justified expectations of the parties

---

more than a two year period.

and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract. *Id*. Therefore, entitlement to attorney's fees is substantive for choice of law purposes when the parties' choice of law provision indicated that they relied upon the law of another jurisdiction. *Id*.

As set forth above, the right to recover attorney's fees is substantive and determined by state law in diversity cases. Accordingly, the Court must apply the law of the forum state, Oklahoma. The Court, having reviewed plaintiff's motion and Oklahoma's choice of law principles, determines that the instant matter should be adjudicated under Kansas law. Specifically, the Court finds that defendant signed a promissory note and term loan agreement which provide that Kansas law is to govern the instant contract. The Court further finds the loan originated in Kansas because defendant consented to laws of the state where the loan originated. Furthermore, the Court finds that the parties specifically bargained in the term loan agreement that payment of attorney's fees would be beared by defendant to plaintiff. Because Kansas has the most significant relationship to the loan transaction, the Court finds that application of Kansas law would not upset the parties' expectations. Accordingly, the Court finds that Oklahoma choice of law principles would apply Kansas law.

B.         Attorney's Fees

Attorney's fees cannot be granted absent statutory authority or an agreement by the parties. *Millennium Fin. Serv., L.L.C. v. Thole*, 74 P.3d 57, 64 (Kan. App. 2003). While Kansas law does not statutorily permit recovery of attorney's fees, it provides that any note, mortgage or other credit agreement may provide for the payment of reasonable costs of collection, including attorney's fees. Kan. Stat. Ann. § 58-2812. In effect, this provision allows the parties to contract to shift or allocate attorney's fees. *See Millennium Fin. Serv., L.L.C.,* 74 P.3d 57. When the purpose of a contract

provision is to make a non-breaching party whole, a district court must review attorney's fee provisions consistent with this underlying purpose:

> [W]here contracting parties have agreed that a breaching party will be liable for [attorney's] fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain.  Normally, where the court is merely enforcing a contractual provision authorizing [attorney's] fees, the fees are routinely awarded and the contract is enforced according to its terms.

*United States v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987).

The cases awarding such fees under contractual provisions, however, do not offer a clear statement of the law that applies to these claims or the standard by which they are reviewed.  *Id*. at 1549.  When reviewing such matters, a district court's role is to determine if the claimed attorney's fees are inequitable or unreasonable.  *Id.*  If so, a district court has discretion to deny or reduce the attorney's fee award, and the District Court is not responsible for independently calculating a reasonable fee.  *Id.*

The first step in determining sound attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly fee, resulting in the lodestar amount.  *Terra Venture Inc. v. JDN Real Estate-Overland Park, L.P.*, 242 F.R.D. 600, 604 (D. Kan. 2007).  The lodestar figure is the presumptively reasonable fee, and the court may adjust the lodestar upward or downward as necessary.  *Blum v. Stenson*, 406 U.S. 886, 888 (1984).

Having reviewed plaintiff's counsel's detailed submissions and the procedural background of this matter, the Court finds that plaintiff is the prevailing party.  The Court also finds that the hourly rates charged by plaintiff's counsel are reasonable based upon the rates charged by other attorney's for the same or similar legal services.  Furthermore, the Court finds the number of hours expended were reasonable based upon the meticulous and contemporaneous time records submitted,

the 24% reduction in billable hours by plaintiff's counsel and the two year length of litigation in the instant matter.  Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees in the amount sought and that, therefore, the instant motion should be granted.

III.    Conclusion

For reasons set forth in detail above, the Court finds that the Motion for an Award of Attorney's Fees [docket no. 75] should be, and hereby is, GRANTED.  Accordingly, the Court awards plaintiff attorneys' fees in the total amount of $106,564.00.

**IT IS SO ORDERED this 7th day of January, 2008.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE