**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE RESOURCES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-647-M |
| ) | |
| LINDELL R. McCOLLUM., ) | |
| a/k/a LINDELL RAY McCOLLUM, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| FARMERS EXCHANGE BANK, ) | |
| ) | |
| Garnishee. ) | |

**REPORT AND RECOMMENDATION**

Defendant Lindell McCollum's Claim for Exemption and Request for Hearing [Doc. No. 83] has been referred to the undersigned by order of U.S. District Judge Vicki Miles-LaGrange for disposition in accordance with 28 U.S.C. § 636.

In response to a garnishment summons served on July 9, 2008, Garnishee executed an Answer on July 10, 2008, stating that at the time of service of the garnishment summons, the garnishee was not indebted to the judgment debtor nor did Garnishee have possession or control of any property belonging to the judgment debtor. Specifically, Garnishee stated: "Debtor has no balance; however, he has a safe deposit box." [Doc. No. 82]. On July 22, 2008, Defendant McCollum filed a Claim for Exemption and Request for Hearing [Doc. No. 83], asserting that any garnished funds were exempt as Social Security benefits. Defendant

specifically asserted that the amount of $700 was exempt. Thereafter, on July 28, 2008, a second Answer was filed by Garnishee [Doc. No. 85] asserting that Garnishee had been served with a garnishment summons on July 18, 2008, and stating that at the time of such service the Garnishee was indebted to the judgment debtor in the amount of $345.59, specifically, "355.59 - $10.00 Garnishment Fee = $345.59." Again, Garnishee notes the Debtor's safe deposit box.

The matter was set for hearing on August 25, 2008, at 1:30 p.m. and notice was given. On the date and time of the hearing Defendant McCollum appeared by counsel, James B. Brunson. No other parties appeared. Counsel advised the Court that Defendant McCollum received Social Security benefits but candidly admitted that he had no evidence to present to show that Defendant's Social Security benefits were in fact the source of any garnished funds.

The undersigned finds that Defendant has failed to demonstrate that the garnished funds in the amount of $345.59 are exempt from execution because such funds are Social Security benefits. Thus, Defendant is not entitled to the claim for exemption as requested.

## **RECOMMENDATION**

It is therefore the recommendation of the undersigned that Defendant's claim for exemption be denied. Defendant may file an objection to this Report and Recommendation with the Clerk of this Court by October 1, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**IT IS SO ORDERED this 11th day of September, 2008.**

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE